UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VITA DEGIRONIMO & DIANA CIFUENTES,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TITO CATOTA; PARMENIO I. PEREZ; MICHAEL A. PAPAGNI; ERNEST RIVERA; & OMAR VENTURA,**<br><br>Defendants. | Civ. No.: 2:18-14594<br><br>**OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Vito DeGironimo and Diana Cifuentes allege that they were victims of workplace assaults during their employment as Custom and Border Patrol Officers at Newark Liberty International Airport. Compl., ECF No. 1. Defendant United States of America, on behalf of itself and its defendant agencies, U.S. Customs and Border Protection, and the U.S. Department of Homeland Security, seeks to stay the action pursuant to the Federal Employees Compensation Act. ECF No. 24. For the reasons set forth below, Defendants' Motion to Stay is **GRANTED**.

### I.  BACKGROUND

For purpose of this motion, the Court accepts Plaintiffs' allegations as true. DiGironimo and Cifuentes are Customs and Border Protection ("CBP") officers assigned to Newark International Airport. Complaint (Doc. No. 1) at ¶¶ 1-2. On November 16, 2016, defendant CBP Officer Tito Catota approached Cifuentes in the Passenger Enforcement Rover Team ("PERT") Office inside of Terminal C at Newark Airport. *Id.* at ¶ 68. Catota grabbed Cifuentes by the arm, led her to an office chair, and tied her up with green U.S. customs tape. *Id.* at ¶ 69.

On January 10, 2017, DeGironimo, during the work day and while on duty, was called in to the PERT Office. *Id.* at ¶¶ 4, 43-45. Once DeGironimo was inside the office, defendant CBP Officer Omar Ventura turned off the lights and shut the door. Id. at ¶ 48. Defendant CBP Officers Tito Catota, Michael Papagni, Parmenio Perez, and Ernest Rivera grabbed DeGironimo and threw him onto a table in the room. *Id.* at ¶ 50. While the others held down his arms and legs, Perez mounted DeGironimo, and, lying face to face, "simulated sex by thrusting on top of DeGironimo and grinding his genitals against his." *Id.* at ¶ 51.

Plaintiffs assert claims for assault and battery against the individual defendants in Counts One and Two. In Counts Three and Four, Plaintiffs assert claims of intentional and negligent infliction of emotional distress, respectively, against all defendants. In Count Five, Plaintiffs assert a claim of negligent hiring, retention, training, and supervision against the United States, claiming emotional and mental distress as a result of the United States' negligence.

## II. DISCUSSION

The Federal Employees Compensation Act (FECA), 5 U.S.C. $ 8101 et seq., provides federal employees with a comprehensive remedy for work-related personal injuries. *Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984). FECA precludes any federal employee from bringing suit for "personal injury sustained while in the performance of his duty." 5 U.S.C. §§ 8102, 8116(c); *see Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983).

Unless the plaintiff's injuries were clearly not sustained while in the performance of the plaintiff's duties as a federal employee, the plaintiff-federal employee must seek administrative relief before filing an action under the Federal Tort Claims Act. *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973). Where there is a "substantial question" regarding FECA coverage exists, a federal court will not entertain a claim and will instead refrain from further action until the Secretary has made a determination regarding FECA coverage. *Di Pippa v. United States*, 687 F.2d 14, 16 (3d Cir. 1982). A substantial question exists unless it is "certain that [the Secretary of Labor] would find no coverage." *Id.* at 16 (citing *Joyce*, 474 F.2d at 219). If the Secretary determines that the plaintiff's claim is fundamentally outside the scope of the FECA, then the claim may proceed under the FTCA in district court. Conversely, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies. The appropriate remedy where there is a substantial question of FECA coverage is to stay proceedings in the action until the Secretary of Labor or their designee resolves the question of coverage. *Id.* at 20.

Plaintiffs DeGironimo and Cifuentes allege negligent and intentional infliction of emotional distress against all defendants and negligent hiring, retention, training, and supervision claims against the United States. In an advisory opinion in this matter, Jennifer

2

Valdivieso, Deputy Director for Program and System Integrity Federal Employees' Compensation, Office of Workers' Compensation Programs, Department of Labor, concluded that "there is a significant possibility of coverage under the FECA for any emotional condition sustained by Plaintiffs Vito DeGironimo and Diana Cifuentes related to alleged assaults by agents of the United States Customs & Border Protection on January 10, 2017 and November 30, 2016 and resultant harassment and retaliation."  Def.'s Mot. to Stay, Ex. A.  Ms. Valdivieso noted that, "'Assaults' arise out of the employment . . . if the risk of assault is increased because of the nature of setting of the work . . ."  *Id.*  The Court finds that there is a substantial question of FECA coverage.  Consequently, the matter is stayed for Plaintiffs to seek relief under the FECA.  If the Secretary determines that Plaintiffs cannot proceed under the FECA, they may pursue their claims against the United States in District Court, assuming the action is timely commenced after the mailing of the notice of final denial of their claims by the Secretary.  *See* 28 U.S.C. § 2401(b).

### III.    CONCLUSION

Defendants' Motion to Stay, ECF No. 24, is **GRANTED.**  The matter is **STAYED** as to the Untied States, U.S. Customs and Border Protection, and the United States Department of Homeland Security.  The matter shall proceed as to the individual defendants.  An appropriate order follows.

**Dated: March 6, 2020**

                                            */s/ William J. Martini*
                                     **WILLIAM J. MARTINI, U.S.D.J.**